UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:24-cv-00263-MCS-DTB** | Date | June 13, 2024 |
| Title | ***Rutledge v. Keenan & Assocs.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: MOTION TO STAY (ECF No. 51) (JS-6)

Defendant Keenan & Associates moves to stay this case pending final approval of a classwide settlement by a state court. (Mot., ECF No. 51.) Plaintiff Matthew Rutledge did not file a timely response to the motion. *See* C.D. Cal. R. 7-9 (requiring opposing briefs to be filed no later than 21 days before a hearing). The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for July 1, 2024. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly cause of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

The Court grants the motion both because it is unopposed, *see* C.D. Cal. R. 7-12; *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."), and because the *CMAX* factors on balance weigh in favor of a stay for the reasons presented in Defendant's motion, *see Hamilton v. Knight Transp., Inc.*, No. 5:21-cv-01859-MEMF-SP, 2024 WL 1461958, at *3 (C.D. Cal. Mar. 27, 2024) ("The Court finds that it would preserve both the parties' and the Court's resources to stay this action . . . when there is a significant possibility that key issues here will be mooted or otherwise affected [by a classwide settlement in another case]."); *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017) ("Courts routinely . . . grant stays when a pending nationwide settlement could impact the claims in the case before them." (internal quotation marks omitted)).

The Court grants the motion and stays the case pending final approval of the proposed class action settlement. The Court orders Defendant to file a status report with the Court within three business days after the Los Angeles County Superior Court addresses whether to grant final approval to the settlement. For case administration purposes only, the Court directs the Clerk to close the case.

**IT IS SO ORDERED.**